Where limited letters of administration have been granted on the estate of deceased, authorizing the administrator to maintain an action against the party or parties who had wrongfully caused his death, it is immaterial that the petition for such appointment undertook to specify the person through whose negligence it happened, and that thereafter it appeared that the death was caused by the negligence of a third party.

In the matter of the application for letters of administration of the estate of John Halligan, deceased. · Application denied.

P. Henry Delehanty, for petitioner.

CHURCH, S. The petitioner herein had heretofore obtained limited letters of administration upon the estate of deceased, which letters authorize her to maintain an action against the party or parties who have wrongfully caused his death. This is, of course, not a prosecution of a common-law action but is a right of action which is solely the creature of statute. It appears that in the petition asking for such limited letters the name of the party who, it was claimed, had unlawfully caused the death of the decedent was given. It has since been ascertained, it is claimed, that such death was the result of the negligent act of two or more joint tort-feasors; and the petitioner is apprehensive that, in consequence of this fact, she has no standing as administratrix to commence an action against any person other than the one named in her preceding petition and she urges, therefore, that the previous letters be vacated and new letters granted.

I think this application proceeds upon a misconception of the character of the letters issued in pursuance of section 2664 of the Code. Nowhere in the Code is there any limitation as to the persons against whom the action must be maintained, nor is there any requirement that there should be any preliminary declaration as to the person or persons who it is claimed or believed caused the death of the decedent. The sole preliminary fact that is required to be set forth is

the claim that the death of the decedent was wrongfully caused; and for this there is a cause of action under the provisions of the statute as the same has been incorporated into section 1902 of the Code. The decision of Kirwin v. Malone, 45 App. Div. 93, 61 N. Y. Supp. 844, is in no way in point. That was a case in which limited letters were obtained and the administratrix then attempted to maintain an action for conversion. The action of conversion is, of course, not a statutory right but, on the contrary, is one of the oldest forms of common-law action and, therefore, is not within the provisions of section 2664 of the Code. It is also claimed by the petitioner that there has been an injunction obtained in the United States courts which prohibits the present administratrix from prosecuting her cause of action. It is not shown, however, that such injunction in any way involves the consideration of the questions raised by the petition or that the granting of the present petition will in any way obviate the same.

The application is, therefore, denied.

Application denied.